UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

    Plaintiff,

v.

A. DENNEHY, et al.,

    Defendants.

No. 2:15-cv-0188 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. On January 6, 2015, plaintiff filed his complaint.[1] ECF No. 5. On December 7, 2017, defendants filed a motion for summary judgment on the ground that plaintiff had failed to exhaust administrative remedies prior to filing the instant petition. ECF No. 25. On March 14, 2018, plaintiff filed an opposition to the motion. ECF No. 29. Defendants filed a reply on March 21, 2018. ECF No. 30. For the reasons stated herein, the court will recommend that defendants' motion for summary judgment be granted.

I.     RELEVANT FACTS

    A. Plaintiff's Complaint

Plaintiff's complaint asserts that defendant librarians Dennehy and Hamad denied him

---

[1] Plaintiff initially filed the instant complaint in the Northern District of California. On January 23, 2015, the matter was transferred to this district. See ECF No. 8.

1

access to the courts in violation of his First, Fifth and Fourteenth Amendment rights when they retaliated against him after he filed a grievance and lawsuit against two other prison librarians. See ECF No. 5 at 6, 21. According to plaintiff, those librarians had been harassing him by reading his legal materials and denying him copying services, which had also denied him access to the courts. See ECF No. 5 at 21.

B. Defendants' Motion for Summary Judgment

Defendants contend that plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies prior to filing the instant complaint.[2] See ECF No. 25-1 at 4-7. They assert that plaintiff filed the instant complaint five days after he had submitted what was his second first-level appeal to prison authorities. See ECF No. 25-1 at 6-7. The Prison Litigation Reform Act ("PLRA") requires prior exhaustion of administrative remedies under all circumstances in Section 1983 actions brought by inmates. See ECF No. 25-1 at 5. The California Code of Regulations requires inmates to submit, to have their appeals accepted, and to receive a decision or final adjudication at the third level of review in order to exhaust their administrative remedies on claims that are ultimately filed in a federal complaint. See ECF No. 25-1 at 6. Because plaintiff submitted his administrative appeal to the appeals coordinator on January 1, 2015, and then filed the instant complaint in federal court five days later on January 6, 2015, defendants maintain that plaintiff failed to satisfy the exhaustion requirement. See ECF No. 25-1 at 4-7.

C. Plaintiff's Opposition

1. Administrative Remedies Were Unavailable

Plaintiff contends that his complaint should not be dismissed because the administrative appeals process was effectively unavailable to him. See ECF No. 29 at 1-2. Specifically, plaintiff argues that prison officials at California State Prison "prevented and thwarted" him from being able to use the prison grievance system when they required the repeated screening of previous appeals plaintiff had filed, labeled him a child molester and snitch, and told him that he

---

[2] The parties agree that plaintiff has since exhausted the appeal.

would regret continuing to file grievances. See ECF No. 29 at 1-2. 17. Plaintiff also claims that his legal materials were destroyed because he had filed a grievance against defendants because of their retaliatory misconduct. See ECF No. 29 at 2, 17. Plaintiff further alleges that being beaten to the point of unconsciousness by "custody's informants" and being transferred to another institution also rendered the grievance system unavailable to him. See ECF No. 29 at 2, 17. At the same time, plaintiff acknowledges the fact that he was ultimately able to file a grievance on the instant matter that was eventually exhausted.[3] See ECF No. 29 at 2, 14-17.

D. Defendants' Reply

In addition to reiterating their exhaustion arguments (see ECF No. 30 at 3-4), defendants contend that summary judgment is appropriate because plaintiff failed to directly address defendants' Statement of Undisputed Facts despite having been provided with a notice pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), which clearly instructed plaintiff on how he was to respond to the motion. See ECF No. 30 at 2-3.

II. APPLICABLE LAW

A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences

---

[3] Plaintiff admits that the second appeal, a revised version of the first appeal, was rejected at the first level of review on January 22, 2015. See ECF No. 29 at 16. He states that it was then rejected at the second level of review on July 14, 2015. See ECF No. 29 at 16. Finally, plaintiff states that on March 17, 2016, his appeal was denied at the third level by the Office of Appeals. See ECF No. 29 at 17.

3

supported by the evidence in favor of the non-moving party." <u>Walls v. Central Costa County Transit Authority</u>, 653 F.3d 963, 966 (9th Cir. 2011).

      B. <u>Legal Standards for Exhaustion</u>

          1. <u>Prison Litigation Reform Act</u>

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under § 1983. 42 U.S.C. 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." <u>Albino</u>, 747 F.3d at 1171 (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." <u>Albino</u>, 747 F.3d at 1172 (citing <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." <u>Id.</u>

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in <u>Ross</u>, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it," and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Ross</u>, 136 S. Ct. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special

circumstances.' " Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

Satisfaction of the exhaustion requirement is a prerequisite to filing in federal court. Absent pre-suit exhaustion, a complaint must be dismissed without prejudice. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

> The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.

Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Accordingly, the exhaustion requirement is not satisfied or excused by exhausting available remedies during the course of the litigation. McKinney, 311 F.3d at 1199.

2. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[4] The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a). "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

////

---

[4] All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for the current version, which has been unchanged, in pertinent part, since January 2011.

5

1  III.   DISCUSSION

2        A. Plaintiff's Failure to Oppose Pursuant to *Rand v. Rowland*

The record confirms defendants' assertion that they served plaintiff with a Rand notice[5] along with their motion for summary judgment. See ECF No. 25 at 2-3. This notice informed plaintiff of the steps he would need to take in opposition to defendants' motion (e.g., to present specific facts, documents, and the like that contradicted the facts in defendants' proffered evidence and to show that there was a genuine issue of material fact for trial). See Fed. R. Civ. P. 56(c)(1). However, plaintiff did not follow the Rand guidelines. Instead, he filed a 374-page, overly broad document that did not specifically address the content of defendants' Statement of Undisputed Facts. Plaintiff's failure to follow the proper procedures has made it unduly difficult for the court to sort through the exhaustion issue. Nonetheless, the court will not rule against plaintiff based on technicalities.

        B. The Undisputed Record Establishes Plaintiff's Failure To Exhaust Before Filing Suit

The record as a whole clearly supports defendants' assertion that plaintiff did not properly exhaust his administrative remedies prior to filing in federal court. Consequently, the court finds there is no need to order plaintiff to properly respond to the motion in the manner that Rand requires.

Unless otherwise noted, the undersigned finds that the following facts are, for purposes of summary judgment, undisputed by the parties[6] or clearly substantiated based on a thorough review of the record:

- On January 1, 2015, plaintiff filed an administrative grievance against defendants Dennehy and Hamad.
- The grievance alleged that defendants violated plaintiff's constitutional rights when they denied him photocopy services and priority legal user status in retaliation for having filed

---

[5] See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).
[6] These facts are taken from plaintiff's complaint and attached exhibits (ECF Nos. 5-5-7), defendants' Statement of Undisputed Material Facts and supporting declarations (ECF Nos. 25-25-4), plaintiff's opposition, declaration and attached exhibits (ECF No. 29), and defendants' reply (ECF No. 30).

1    a grievance against other librarians.

- The January 2015 grievance was a resubmission of a previously rejected grievance plaintiff had submitted earlier in December 2014 and contained some technical changes.
- These two grievances were the only ones that plaintiff submitted to the appeals coordinator between September 15, 2014, and January 1, 2015.
- On January 6, 2015, plaintiff filed the instant complaint in this court.
- The complaint alleges the same copying, legal user, and retaliation claims against defendants as the January 1, 2015 prison grievance.
- Plaintiff was eventually able to fully exhaust his administrative appeals at the third level that had stemmed from the January 1, 2015 grievance.
- Exhaustion of plaintiff's administrative appeals occurred after January 6, 2015, the day plaintiff filed the instant complaint.

These facts, which are found in both parties' pleadings, clearly show that plaintiff had not fully exhausted his administrative remedies prior to filing his complaint in federal court. As a result, absent any exceptions to exhaustion, the complaint must be dismissed without prejudice. McKinney, 311 F.3d at 1199 (district court must dismiss action regarding prison conditions when filed pre-exhaustion and inmate subsequently exhausts).

D. Plaintiff Has Not Established an Exceptions to The Exhaustion Requirement

Plaintiff argues that when he attempted to file grievances at the prison, he was beaten; he was labeled snitch and a child molester, and he was told that he would regret filing his grievances. See ECF No. 29 at 1-2, 22-26. At the same time, plaintiff admits that not only was he able to fully exhaust his grievances against defendants, he was given an opportunity to refile his initial grievance after the appeals coordinator determined that it was structurally deficient. See generally ECF No. 29 at 14-15. The court therefore rejects plaintiff's argument that he should be excused from prior exhaustion because the administrative remedy process was effectively unavailable to him.

C.    Conclusion

Because the undisputed facts establish that plaintiff failed to properly exhaust his

7

administrative remedies prior to filing the instant complaint, and plaintiff has not created a material factual dispute regarding any exception to the exhaustion requirement, it will be recommended that defendants' motion for summary judgment be granted.

IV. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The magistrate judge is recommending that defendants' motion for summary judgment be granted. This is because you were required to fully exhaust all your administrative remedies *before* filing your complaint in federal court, but you did not do so. As a result, this court is unable to review your complaint.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a District Court Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 25) be GRANTED; and
2. The complaint (ECF No. 5) be DISMISSED without prejudice for failure to exhaust administrative remedies, pursuant to McKinney v. Carey, 311 F.3d 1198 (2002).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE